UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:09-cr-64-FtM-99SPC

JAMES DERISMA

_____

**OPINION AND ORDER**

This matter comes before the Court on a Report and Recommendation (Doc. #157) filed on June 27, 2011, recommending that defendant James Derisma be found competent to stand trial. After an extension was granted, defendant filed Objections (Doc. #177) on August 10, 2011. No reply to the objections has been filed, and the time to do so has expired.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of

Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).  A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness.  Powell, 628 F.3d at 1256-58.

**II.**

The extensive Report and Recommendation found that defendant was competent to stand trial because he is able to understand the nature and consequences of the proceedings against him and able to assist properly in his defense.  Defendant, through counsel, disagrees with both findings, pointing both to undisputed medical conditions and the opinions of witnesses which were rejected by the magistrate judge.  More specifically, defendant raises objections to: (1) The finding that defendant regained an ability to communicate, convey events to others, and recall events of his past; (2) An undue emphasis on the fact that defendant has not been diagnosed with mental retardation; (3) An apparent rejection of the testing done by defense experts and misplaced reliance on defendant's emails, phone calls and daily activities in the facility; (4) The minimization of the effect of paraphasic errors; (5) The reliance on an October, 2010 phone call in which defendant stated he did not know what he wanted to do - take his case to

trial or just take the time and get it over with; (6) The magistrate judge's selective acceptance of evidence from both the defense witnesses and the government witnesses; (7) The reliance on the testimony from government witness Dr. Pyant; (8) The finding that defendant's ability to cope with ailments, speak with family and friends, interest in keeping up with events outside jail, and frustration with the progress of his case are demonstrative of competence; (9) Reliance on Carlton Pyant's recitation of a phone call which included coherent speech; (10) The conclusion that defendant has become familiar with the criminal justice process because of prior contacts with the system; (11) The statement that receiving medication at Butner consists of inmates acting on their own accord; (12) Reliance on Dr. Pyant's testimony about defendant remembering appointments; (13) The characterization of Dr. Pyant's observations as a four month assessment of defendant; (14) The rejection of some testimony from defense experts rebutting the testimony of the government's witnesses; and (15) Acceptance of the evaluation conducted at Butner as being sufficient to determine defendant's competency to stand trial.

The testimony and evidence presented obviously do not all point in the same direction, and the opinions of the experts do not coincide.  After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, and *de novo* review, the Court is left with the abiding belief that the magistrate judge was

correct. There is ample support in the record to support the findings of fact, and the legal standard for competency is not disputed. Because the Court agrees with the findings of fact and conclusions of law made by the magistrate judge, the Court will adopt the Report and Recommendation. The Court determines that defendant is competent to stand trial.

Accordingly, it is now

**ORDERED**:

The Magistrate Judge's Report and Recommendation (Doc. #157) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order. Defendant is adjudicated competent to stand trial.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of September, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record