UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO: 2:09-cr-64-KCD

JAMES DERISMA

---

# ORDER

By letter, which the Court broadly construes as a motion, James Derisma seeks information regarding the amount of "jail credit" he was awarded at his final revocation hearing. (Doc. 328.) Derisma also wishes to share his progress and his social media. The motion is denied as Derisma must exhaust his remedies with the Bureau of Prisons.

Derisma began his term of supervised release for the underlying drug offenses on July 2, 2020. Not long after, the Court issued a warrant based on a violation of Derisma's release and the new criminal conduct charged in Lee County Circuit Court. (Doc. 301.) The Court issued a writ to secure him from state custody for an initial appearance. (Doc. 308.) The petition for the violation was superseded upon Derisma's conviction and sentence in state court of 10 years imprisonment followed by a five-year term of probation with credit for time served. (Docs. 314, 325.) Derisma was ordered detained pending the final revocation hearing. (Doc. 319.) On December 13, 2022, Derisma entered a plea

of guilty to the violation and was sentenced to 48 months of imprisonment to run consecutively with the term imposed in state court. (Doc. 327.) According to the Florida Department of Corrections, the United States Marshal lodged a detainer on March 1, 2023.

The Attorney General has responsibility for awarding federal prisoners credit through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 331-32 (1992); *United States v. James*, 842 F. App'x 436, 438 (11th Cir. 2021). "Because the BOP has the responsibility for determining credit awards, a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (cleaned up). After exhaustion of administrative appeals, Derisma's avenue for relief is pursuant to 28 U.S.C. § 2241. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Section 2241 sets forth where such an application would be filed based on the location of custody. 28 U.S.C. § 2241(d).

Accordingly, it is **ORDERED:**

Defendant's letter inquiry about jail time credit (Doc. 328) is **DENIED** without prejudice.

**ENTERED** in Fort Myers, Florida, on August 6, 2026.

Kyle C. Dudek
United States District Judge